

SO ORDERED,

Judge Jason D. Woodard

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BENNIE W. SMITH and | ) | Case No.: 11-15136-JDW |
| GLENDA GAIL SMITH, | ) | |
| | ) | |
| Debtors. | ) | Chapter: 7 |

| | | |
|---|---|---|
| UNITED STATES TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | A.P. No.: 13-01011-JDW |
| BENNIE W. SMITH and | ) | |
| GLENDA GAIL SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This adversary proceeding is before the Court on the Motion for Summary Judgment as to Count I – Objection to Discharge (the "Motion")(Dkt. # 18), filed by the U.S. Trustee (the "Plaintiff") against debtor-defendants Bennie W. and Glenda Gail Smith (the "Defendants"). Plaintiff brings this suit requesting denial of the Defendants' discharge in their underlying

1

Chapter 7 bankruptcy case pursuant to 11 U.S.C. § 727(a)(2)(A). The Motion was filed, together with Plaintiff's Memorandum in Support of Motion for Summary Judgment (Dkt. # 18-1), on September 12, 2013. On October 11, 2013, Defendants filed a Response to United States Trustee's Motion for Summary Judgment (the "Response")(Dkt. # 26), together with their Memorandum Brief in Support of Debtor's Response (Dkt. # 27). No reply was filed by the Plaintiff. This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b) and the United States District Court for the Northern District of Mississippi's Order of Reference Dated August 6, 1984. This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A) and (J). The Court must determine whether the conveyance of real property from the Defendants to their son satisfies the elements to deny Defendants a discharge pursuant to 11 U.S.C. § 727(a)(2)(A).

### I.  FINDINGS OF FACT

Defendants filed their joint chapter 7 petition on November 3, 2011 (the "Petition Date"). On January 9, 2012, at the meeting of creditors held pursuant to 11 U.S.C. § 341, Defendants were questioned regarding the truth and accuracy of their petition, schedules and statements, and whether their schedules disclosed all of their assets. The Defendants testified that they were unaware of any errors or omissions in the documents, except for a transfer listed on Question 10 of the Statement of Financial Affairs regarding a parcel of real property ("Lot 25"), transferred to the Defendants' son, Spencer Smith. (Dkt. # 18). Although Defendants' bankruptcy schedules disclosed consideration for the conveyance in the amount of $20,000.00, Defendants admitted under oath that Spencer Smith made no payments for Lot 25. *Id.*

On June 26, 2012, Defendants testified at an examination conducted pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "2004 Exam") by counsel for the chapter 7 Trustee, and

again stated under oath that no money had been paid for the property. Defendant Bennie W. Smith testified as follows:

> Q. We filed a complaint to avoid transfers, and one the other transfers we had on there was what I called, just to keep things straight, was the adjacent Lot 25. This is the lot that lies next door to your residence.
> A. Yes.
> Q. And this is the one that you had conveyed to Spencer Wayne Smith and you'd – if I recall right, you testified at the 341 meeting that this is your other son; is that correct?
> A. Yes.
> Q. And you also testified that no money had changed hands on this.
> A. Correct.
> Q. How much does he owe you on this property?
> A. Nothing.
> Q. All right. So was this a gift?
> A. Yes.
>
> ...
>
> Q. If I recall right, you testified at the hearing that you did this to try and save this lot.
> A. Yes.
> Q. So were you trying to avoid the powers of the Chapter 7 trustee in doing this?
> A. No.
> Q. Well, what were you doing?
> A. This Lot 25 is adjacent to Lot 24. My house sits on Lot 24. Lot 25 contains my equipment shed.
>
> \* \* \*
>
> So it's – I would say it's not usable to someone else, but it would be very expensive for someone else to use that lot.
> Q. All right. Is that your response? I'm sorry, are you through?
> A. (Whereupon witness nods head in affirmative response.)
> Q. So essentially you deed this to Spencer Wayne Smith more or less to protect this lot from the bankruptcy. Is that what I'm hearing?
> A. Yes, sir.
> Q. Okay. No consideration paid by him at all, right?
> A. None.
>
> \* \* \*

(Dkt. # 18, Ex. B).

Plaintiff posits that denial of discharge pursuant to 11 U.S.C. § 727(a)(2)(A) is appropriate as the Defendants attempted to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property of the estate (the chapter 7 trustee) by transferring Lot 25 for no consideration to keep it out of the bankruptcy estate. The transfer of Lot 25 was the subject of a prior adversary proceeding regarding a violation of 11 U.S.C. §548(a)(1). *Gates v. Smith (In re Smith)*, 2013 WL 2403325 (Bankr. N.D. Miss. May 31, 2013). In the prior adversary proceeding, this Court, relying on the same evidence and admissions of Defendants, found that the transfer of Lot 25 by Defendants to their son constituted a fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(A). The transfer of Lot 25 was accordingly voided.

The Plaintiff now seeks summary judgment on the same facts, and requests that this Court deny Defendants a discharge pursuant to 11 U.S.C. § 727(a)(2)(A).

## II.   CONCLUSIONS OF LAW

### A. Standard

Summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure[1] is appropriate when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986)(citing to Fed. R. Civ. P. 56(c)). Further, the moving party requesting summary judgment bears the initial burden to demonstrate to the court an absence of a genuine issue of material fact.

---

[1] Federal Rule of Bankruptcy Procedure 7056 incorporates without modification Rule 56 of the Federal Rules of Bankruptcy Procedure.

4

*Id.* at 323; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In examining the evidence put forth by the moving party, the court must examine each issue in the light most favorable to the non-moving party. *Little*, 37 F.3d at 1080; *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). If the moving party fails to meet this initial burden, the motion must be denied. *Celotex*, 477 U.S. at 323.

### B. Denial of Discharge

The Supreme Court has long recognized that a central purpose of the Bankruptcy Code is to give debtors a chance to "reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort...'" *Grogan v. Garner*, 498 U.S. 279, 286, 111 S. Ct. 654, 659, 112 L. Ed. 2d 755 (1991)(quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934)). The Bankruptcy Code "requires discharge of the debtor unless a statutory exception applies." *The Cadle Co. v. Duncan (In re Duncan)*, 562 F.3d 688, 695 (5th Cir. 2009). Exceptions to discharge are construed "strictly against the creditor and liberally in favor of the debtor." *Id.*

Section 727 of the Bankruptcy Code[2] - one such statutory exception to discharge - provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless--
> ....
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
>
>> (A) property of the debtor, within one year before the date of the filing of the petition;
>> ....

---

[2] All references to the "Bankruptcy Code" refer to Title 11 of the United States Code.

5

11 U.S.C.A. § 727 (West).

Plaintiff asks that Defendants be denied a discharge, based on the transfer of Lot 25 to their son, a transaction this Court has already deemed fraudulent and voided pursuant to 11 U.S.C. § 548(a)(1)(A). The elements necessary to satisfy a claim under § 548(a)(1)(A) are (1) a transfer of debtor's property, (2) made within two years of the petition date, and (3) made with actual intent to hinder, delay, or defraud debtor's creditors. *In re Cipolla*, 476 Fed.Appx. 301, 306 (5th Cir. 2012). In the prior referenced adversary proceeding, all elements were satisfied and Defendants were found to have acted with actual intent, as demonstrated by clear and convincing evidence. *In re Major Funding Corp.*, 126 B.R. 504, 508 (Bankr. S.D. Tex. 1990)("Actual intent to defraud a creditor must be proven by clear and convincing evidence under 11 U.S.C. § 548(a)(1).").

C. **Elements of 11 U.S.C. § 727**

To establish that debtors should be denied a discharge under §727(a)(2)(A), the standard is similar to that under § 548. The party seeking the denial of discharge under § 727 bears the burden of proving that (1) a transfer of property, (2) belonging to the debtor, (3) occurred within one year of the filing of the petition, and (4) that was made with intent to hinder, delay or defraud a creditor or officer of the estate. *Laughlin v. Nouveau Body and Tan, L.L.C. (In re Laughlin)*, 602 F.3d 417, 421 (5th Cir.2010)(citations omitted).

A "transfer" for purpose of § 727 is defined as

> every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including the retention of title as a security interest and foreclosure of the debtor's equity of redemption.

11 U.S.C. § 101(54).

In this matter, that a transfer was made is evidenced by both the admission of the Debtors and by supporting documentation. As cited above, at the 2004 Exam the Debtors admitted twice, under oath, that they conveyed the property in question to their son. (Dkt. # 18, Ex. B). The transfer is confirmed by the recorded Quitclaim Deed (Dkt. # 18, Ex. A), which evidences the conveyance of Lot 25 to the Defendants' son, Spencer Wayne Smith. Further, the same evidence satisfies the second element of § 727(a)(2)(A), that the property in question belonged to the Defendants.

As stated above, Defendants filed their chapter 7 petition on November 3, 2011. The Quitclaim Deed conveying Lot 25 to the Debtors' son was executed on May 20, 2011, and recorded thereafter on May 24, 2011, less than six (6) months prior to the Petition Date. (Dkt. # 18, Ex. B). The third requirement– that the transfer have occurred within one year from the filing of the bankruptcy petition – is therefore also satisfied.

The fourth and final requirement is that the transfer of property was made with intent to hinder, delay or defraud a creditor or officer of the estate. *In re Laughlin*, 602 F.3d at 421. The Fifth Circuit Court of Appeals has held that the intent to defraud in a § 727 case must be actual, not constructive.[3] *Pavy v. Chastant (In re Chastant)*, 873 F.2d 89, 91 (5th Cir. 1989); *In re Reed*, 700 F.2d 986, 991 (5th Cir. 1983). As this Court noted in the prior decision involving the transfer of Lot 25, there is usually some difficulty in proving actual intent to defraud, and thus it

---

[3] Although connections between § 727 and § 548 may be drawn from the overlapping language of the statutes, it is important to note that denial of discharge pursuant to § 727(a)(2) requires a showing of actual intent to defraud, whereas § 548 allows for the avoidance of transfers made with actual fraudulent intent under § 548(a)(1)(A), *or* transfers deemed constructively fraudulent under § 548(a)(1)(B). *In re Texas Rangers Baseball Partners*, 2012 WL 4464550, at *5 (Bankr. N.D. Tex. Sept. 25, 2012). Further, although both § 727(a)(2) and § 548(a)(1)(A) require a showing of actual intent to hinder, delay or defraud creditors, such actual intent may be inferred from the circumstances surrounding the transfer. *Roland v. United States*, 838 F.2d 1400, 1402-03 (5th Cir. 1988)("Since direct proof of fraud often is not available, courts may rely on circumstantial evidence to establish the fraudulent intent.").

7

had been held that intent "may be implied from circumstances." *In re Major Funding Corp.*, 126 B.R. 504, 508 (Bankr. S.D. Tex. 1990). Such an implication, however, is unnecessary regarding the transfer of Lot 25. Undisputed evidence shows that Bennie Smith admitted, under oath, that the purpose of the transfer was the keep the property out of the bankruptcy estate. In the prior fraudulent transfer adversary proceeding, the Defendants failed to respond to the allegations that they made the transfer with the actual intent to keep the property out of the bankruptcy estate (and thus out of the reach of their creditors or the chapter 7 trustee). In the Response to the present Motion, however, Defendants confirmed that they made such statements at the § 341 meeting and 2004 examination. (Dkt. # 26). Thus, the element of actual intent in the present action is even more clearly established than in the § 548 action.[4]

### D. Defendant's Response

The Defendant's Response to the Motion is brief. All allegations, save for one – that there are no issues of fact in dispute – are admitted. (Dkt. # 26). Specifically, the Defendants assert that there still exists a question as to the Defendant's intent. However, for the reasons explained above, the Defendants' admission to having made the statements under oath at the § 341 meeting and 2004 Exam directly and fully settles the question of actual intent. Therefore, with the only the disputed point having been well-settled, there remain no genuine issues of material fact to prohibit the granting of summary judgment.

### III.   CONCLUSION

---

[4] To be clear, while the Plaintiff is relying on the same evidence in this action as in the prior adversary proceeding, the Court is not basing its conclusions on principles of res judicata or collateral estoppel (although either doctrine might apply). The Court is simply considering the same evidence in both adversary proceedings and applying the facts to the elements in each proceeding.

Summary judgment is appropriate when no genuine issue of material fact exists. *Celotex*, 477 U.S. at 322. Even viewing the facts and evidence presented in a light most favorable to the non-moving party, the Court finds that summary judgment as to Count I of the Complaint is appropriate. There is no genuine question that the Defendants made a transfer of property, within one year of filing for bankruptcy protection, with the intent to hinder, delay or defraud a creditor or officer of the estate. Despite a preference for affording a debtor a fresh start through the bankruptcy process, a discharge may be denied if a statutory exception applies. *In re Duncan*, 562 F.3d at 695. As the movant, the Plaintiff has carried the burden of proof and Defendants' discharge will be denied pursuant to 11 U.S.C. § 727(a)(2)(A). *Laughlin*, 602 F.3d at 421.

Based on these findings and conclusions, summary judgment for Plaintiff as to Count I of the Complaint is appropriate in this case. A separate Order and Final Judgment will be entered as to Count I.

##END OF OPINION##